Marvin A. WURZER et al.,
Plaintiffs-Appellants,

v.

UNIVERSITY OF HOUSTON and Lamar
University et al., Defendants-
Appellees.

No. 73-2714

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1973.

Rehearing and Rehearing En Banc
Denied Dec. 28, 1973.

Peter D. Williamson, Houston, Tex., Phillip Bordages, Beaumont, Tex., for plaintiffs-appellants.

John L. Hill, Atty. Gen., Sam L. Jones, Jr., Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Plaintiffs requested a three-judge court to hear their suit challenging the constitutionality of Texas statutes which prescribe different college tuition fee schedules for residents and nonresidents and establish a one-year presumption of nonresidency for recent transferees into the state. The District Court denied the request for a three-judge court on the ground that the complaint presented no substantial federal question.

The District Court predicated its decision on Starns v. Malkerson, 326 F.Supp. 234 (D.Minn.1970) (Three-Judge), aff'd, 401 U.S. 985, 91 S.Ct. 1231, 28 L.Ed.2d 527 (1971), and Weaver v. Kilton, 357 F.Supp. 1106 (E.D.Tex.1973). In *Starns*, the United States Supreme Court summarily affirmed a Three-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Judge District Court's decision upholding the validity of Minnesota's tuition differential between resident and nonresident students and the State's presumption of nonresidency for those who had lived in Minnesota for less than one year. In *Weaver*, a Three-Judge Court in the Eastern District of Texas upheld the constitutionality of the Texas Statute here under attack.

The issue on this appeal is whether a substantial question remains concerning the constitutionality of the Texas statutes in light of these prior decisions.

The role of prior decisions vis-a-vis convening a Three-Judge District Court was recently discussed by the Supreme Court in Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973).

> In the context of the effect of prior decisions upon the *substantiality of* constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions which merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if "its unsoundness so clearly results from the previous decisions of this Court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy."

In light of the discussion, we do not think *Starns* and *Weaver* rendered the constitutional claims against these Texas statutes insubstantial.

*Starns* was decided on somewhat different facts from those alleged in the case at bar. In *Starns*, the plaintiffs were married women who moved to Minnesota and attempted within the one year period to enroll as resident students. In the case *sub judice*, the complaint alleges that a number of the plaintiffs have lived in Texas more than one year; a number of the plaintiffs are unmarried females; some plaintiffs are under 21 years of age; some are receiving support from, or are living with par-

ents; some were born in Texas, left, and returned later; some worked full-time before entering the respective school attended; and some have paid State taxes for varying periods.

In addition, the holding in *Starns* has been questioned by Justices Marshall and Brennan in their concurrence in Vlandis v. Kline, 412 U.S. 444, 93 S.Ct. 2230, 37 L.Ed.2d 63 [1973].

> I recognize that in Starns v. Malkerson, 401 U.S. 985 [91 S.Ct. 1231, 28 L.Ed.2d 527] (1971), we summarily affirmed a district court decision sustaining a one-year residency requirement for receipt of in-state tuition benefits. But I now have serious question as to the validity of that summary decision in light of well-established principles, under the Equal Protection Clause of the Fourteenth Amendment, which limit the States' ability to set residency requirements for the receipt of rights and benefits bestowed on bona fide state residents. *See* Dunn v. Blumstein, 405 U.S. 330 [92 S.Ct. 995, 31 L.Ed.2d 274] (1972); Shapiro v. Thompson, 394 U.S. 618 [89 S.Ct. 1322, 22 L.Ed.2d 600] (1969).

*Id.* at 93 S.Ct. 2238.

*Weaver*, as a case from the Eastern District of Texas, has only advisory value in the Southern District of Texas. The strength of the case as a precedent here is further lessened because it apparently could have been disposed of without reaching the constitutional issue.

> Thus, having failed to allege the jurisdictional statutes necessary to invoke limited, federal jurisdiction, the instant complaint is fatally defective and must be dismissed.

.    .    .    .    .    .

Even though Plaintiff has not shown any jurisdictional prerequisites, some comment on the merits seems advisable in view of the popular sentiments and interest in the issues. Therefore, for purposes of discussion the Plaintiff's Complaint will be treated as if

jurisdiction had been properly pled and proved.

357 F.Supp. at 1108.

The prior decisions do not "inescapably render the claims frivolous" and a three-judge court should have been requested. We, of course, intimate no opinion as to the ultimate disposition of the merits of the controversy.

Reversed and remanded.